THE STATE *ex rel.* SCALES v. ZACHRITZ, *Judge.*

Division Two, June 28, 1898.

1. **Stenographer and Clerk**: TO FURNISH TRANSCRIPT FREE. A defendant, who appeals from a conviction of felony in the circuit court of a city having over one hundred thousand inhabitants, is, under section 8256, Revised Statutes 1889 (providing that "in cases of appeal and on motions for new trials the transcripts of the evidence shall be furnished to the defendant upon the order of the court without costs to the defendant"), entitled to have the official stenographer furnish the evidence to the clerk without cost, and to have the clerk certify the same to defendant without cost. (Following *State ex rel. Martin v. Wofford,* 121 Mo. 61.)

2. ———: ———: MANDAMUS ON JUDGE. And the Supreme Court will compel, by *mandamus,* the judge of the circuit court to make and enforce an order requiring the stenographer and clerk to furnish the transcript in such case without cost.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Percival Adams* and *Chas. J. Maurer* for relator.

*Edward C. Crow*, Attorney-General, for respondent.

GANTT, P. J.—This is an original proceeding in this court to obtain a peremptory writ of *mandamus* against one of the judges of the circuit court of the city of St. Louis, assigned for the time to the criminal division of said court, to require him to direct the official stenographer and clerk of said court to furnish relator a transcript of the evidence in the cause wherein the State of Missouri was plaintiff and the relator defendant, on a charge of rape, whereof he was con-

victed in said court and in due time appealed from said conviction and sentence thereon. This application is based upon section 8256 which provides "that in cases of appeal and on motions for new trial the transcripts of evidence shall be furnished the defendant, upon the order of the court, without cost to said defendant." The matter has been greatly delayed by the failure to file briefs as permitted by the order when the cause was submitted. This section was construed by this court in *State ex rel. Martin v. Wofford*, 121 Mo. 61, and it was then ruled that this act entitled the defendant, convicted in Jackson county criminal court and the St. Louis criminal court, to a transcript of the evidence without the payment of the cost thereof. While this act imposes a great burden upon these officers of said courts it is not deemed to be our prerogative to set aside the command of the legislature. A reconsideration of the legislation in regard to official stenographers has not modified our views as to the meaning of the statute. We still think it was the intention of the legislature to require the official stenographer to furnish the evidence to the clerk without cost, and the clerk to certify the same to defendant for his appeal without cost. It results that the peremptory writ of *mandamus* is awarded requiring the respondent to cause said evidence to be furnished as prayed. So ordered. SHERWOOD and BURGESS, JJ., concur.