State v. Ernest.

---

## THE STATE v. ERNEST, Appellant.

### Division Two, June 6, 1899.

1. **Appeals in Criminal Cases:** FREE TRANSCRIPTS: NO COUNSEL. The practice of allowing an appeal at the cost of the State, and of furnishing the defendant a free stenographic transcript, and of imposing on this court the burden, without the aid of counsel, of reading the entire record in search for errors, has become, in the overcrowded condition of the docket, an intolerable burden upon the judges of the Supreme Court.

2. **Rape:** FEMALE UNDER FOURTEEN YEARS: INSTRUCTIONS: FORCE. Where the indictment charges rape of a female under the age of fourteen years, the instructions should be confined to carnal knowledge of the female and to her age, and should not submit the question of rape by force and against her will.

State v. Ernest.

3. ———: ———: AGE: NEWLY DISCOVERED EVIDENCE. The prose-
cutrix was the stepdaughter of the defendant, and testified that her
mother had always told her she was born in 1883 (the crime was
charged to have been committed in May, 1896). The defense
objected to her mother's testifying on behalf of the State on the
ground that she was defendant's wife, but introduced her for defend-
ant, but declined to examine her as to the age of prosecutrix. After
verdict, defendant filed an affidavit in support of a new trial made by
his wife, who was friendly to the defendant, stating that prosecutrix
was born in February, 1882, and that a few days after the trial she had
visited the school the prosecutrix had attended and found she had
been registered as born in February, 1882, and that she herself had
furnished this information to the teachers at the time the child was
entered at school. *Held*, first, that no diligence was shown in the
application for a new trial; and, second, that to set aside a verdict
upon such a showing would be to trifle with the courts.

*Appeal from St. Louis City Circuit Court.*—HON. P. R.
FLITCRAFT, Judge.

AFFIRMED.

EDWARD C. CROW, Attorney-General, and SAM B. JEF-
FRIES, Assistant Attorney-General, for the State.

GANTT, P. J.—At the December term 1897 of the
circuit court of the city of St. Louis the defendant was in-
dicted for the rape of his stepdaughter, Millie Beckman, a
female child under the age of fourteen years, on the fifteenth
day of May, 1896.

The indictment is sufficient and the arraignment was
regular.

The trial occurred at the December term, 1897, on the
fourteenth day of January, 1897, and resulted in a verdict of
guilty and a sentence to imprisonment in the penitentiary for
ten years, from which defendant appeals.

The defendant was represented by counsel in the circuit
court, but no counsel have appeared in this court and we are
remitted to the record to ascertain whether the circuit court

committed reversible error.    Why the legislature should impose upon this court, with an overburdened docket, the duty of reading immense transcripts in search for errors without the aid of briefs on either side is past our comprehension.    When a defendant in a criminal case has been tried and convicted in a court of general jurisdiction it would certainly seem that if he insisted on a review of the proceedings in that court he should at least be required to pay for his transcript and docket fee to this court and point out by brief the errors of which he complains, but it has now become a common practice to give him a free stenographic transcript at the cost of the State, and when that transcript is filed here we are required without so much as a suggestion of error to go laboriously through every step from the organization of the court to the signing of the bill of exceptions to discover error.    The practice has become intolerable. The circuit judges of St. Louis have no discretion.    The law requires them to order the free transcript, but the circuit courts in the country have a discretion, and we think it should only be exercised in giving free transcript where they have grave doubts as to their judgments.

The facts developed in this record are in substance these.    The defendant is a married man thirty-three years old, and his wife forty-five.    His wife was a widow with five children by her first husband, Beckman, at the time he married her.    The prosecutrix is defendant's stepdaughter. The evidence on behalf of the State tended to prove that defendant's wife was a midwife by profession and was often away from home following her business.    At the time of the alleged rape the two older girls were married and no longer lived with their mother and the boys worked out, one for the Anheuser-Busch brewery.    The prosecutrix was at home alone with her stepfather, the defendant.    The State's evidence tended to show that the prosecutrix was born on the 16th day of February, 1883, and the alleged rape occurred

on the fifteenth of May, 1896, at the residence of defendant in St. Louis, on South Eleventh street, when no other member of the family was at home. The girl testified that the defendant told her he would kill her if she told on him. The defendant testified generally that he didn't have intercourse with the prosecutrix.

The court in its instructions very properly confined its instructions to carnal knowledge of the prosecutrix while under the age of fourteen years, and did not submit the question of rape by force and against her will. The instructions are full and very favorable to defendant.

The evidence if believed, as it was, by the jury was amply sufficient to justify the verdict.

The principal ground for a new trial as far as we can discern in the absence of any assignment of error or brief, was newly discovered evidence.

This new evidence relates entirely to the age of the prosecutrix. She testified on the trial in January, 1898, that she would be fifteen years old on the sixteenth of the next February, 1898. She testified that her mother had always told her her age. The State called the mother but upon defendant's objection she was excluded because she was the wife of defendant. Defendant afterwards called the mother of the prosecutrix but avoided all reference to the age of prosecutrix. It is now sought to obtain a new trial by filing an affidavit of the defendant's wife and mother of prosecutrix that the prosecutrix was born February 16, 1882, instead of 1883; that she, the mother, had on Friday the 21st day of January, 1898, visited the school which her daughter the prosecutrix had attended and found the age of prosecutrix was registered as born in 1882, on February 16. That she had herself furnished this information to the teachers when she entered the child at school.

No diligence whatever is shown in this application for new trial. The issue tendered in the indictment and all of

the State's evidence was that Millie Beckman was under fourteen years of age when defendant debauched her.

The prosecutrix in her cross-examination stated that her mother had begun since the indictment to say she was a year older than she always had stated prior to the finding of the indictment.

The wife of defendant was a witness in his behalf. She was entirely friendly to him and with all this notice he declined to interrogate her as to Millie's age.

Te set aside a verdict upon such a showing as this would encourage parties to trifle with the courts. There is no pretense of surprise. This court has again and again ruled that the newly discovered evidence must be such that it could not have been discovered by the exercise of due diligence.

We can hardly conceive of a more glaring case of negligence than is shown here. The first mention of the age of the prosecutrix would have suggested to any mind that the natural sources of information would be the mother, and when on the trial the prosecutrix had testified in the presence of the husband of her mother what her mother had said it is absolutely incredible that he should fail to ask his wife then if never before as to the age of prosecutrix.

As to the school register, as it is stated that the mother furnished that information it adds nothing to the mother's own evidence.

The circuit court correctly ruled that no diligence whatever was shown in procuring the mother's evidence. [State v. Locke, 26 Mo. 603; Goff v. Mulholland, 33 Mo. 203; State v. Ray, 53 Mo. 345.]

We find no error in the record proper. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.