THE STATE v. CHUB FRANKS and ERNEST CAFFEY, Appellants.—95 S. W. (2d) 1190.

Division Two, June 30, 1936.

*Collins & Pierce* and *Lincoln & Lincoln* for appellants.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

COOLEY, C.—Appellants were convicted in the Circuit Court of Greene County of robbery with a dangerous and deadly weapon. They were charged and tried jointly. The jury assessed the punishment of each at ten years' imprisonment in the penitentiary. The court sentenced each to twelve years' imprisonment, adding two years to the terms assessed by the jury, evidently by applying Section 4428, Revised Statutes 1929 (Mo. Stat. Ann., p. 3043). After unavailing motion for new trial they appealed. They have filed a joint brief in this court.

The State's evidence tended to show the following: R. J. Chalmers operated a grocery and meat store in Springfield. At one side of the rear part of the store and connected therewith he had living rooms where he and his family resided. There was a door opening from the store into one of the living rooms. On the evening of December 19, 1934, J. R. Rhodes, a friend of Chalmers, was in the store, helping Chalmers as he had occasionally done before. About seven-forty or seven-forty-five that evening, when Chalmers and Rhodes were alone in the store, two men, later identified as the defendants, entered the store. Chalmers was at the moment cleaning the meat block and did not at first notice them. One of the men, Caffey, presented a pistol and ordered Rhodes to go into the other room, the living room. Rhodes obeyed and closed the door. Caffey then compelled Chalmers to put up his hands, threatening to shoot him unless he did so, and while holding Chalmers in that position and covered by the pistol, directed his companion, Franks, first to search Chalmers and then to get the money from the nearby cash register, which Franks did, securing ten dollars in currency. The two men then fled. They were arrested the next night on the description furnished by Chalmers. The store was sufficiently lighted and both Rhodes and Chalmers, especially the latter, scrutinized the features of the robbers, who were not masked. About two days after the robbery Rhodes and Chalmers were called to the police station and confronted with the defendants. They both identified the defendants as the two men who had entered and robbed the store and they identified them positively at the trial.

Defendants offered evidence tending to prove alibis. Neither defendant testified at the trial.

The foregoing is a sufficient outline of the facts. There can be no doubt that the State's evidence is sufficient to make a case and sustain the verdict and no useful purpose would be served by detailing it at length. Its sufficiency is not challenged in appellants' brief here, although in their motion for new trial below they alleged that the identification was so "vague and uncertain as not to establish their identity and their guilt beyond a reasonable doubt." It was neither vague nor uncertain. It was clear and positive.

I. Appellants assail the information, which, omitting formal parts, charges that the defendants "did then and there willfully, unlawfully, and feloniously in and upon one R. J. Chalmers, make an assault with a dangerous and deadly weapon, to-wit: a .38 Colt revolving pistol loaded with gunpowder and leaden balls, and $10.00 good and lawful money of the United States of the value of $10.00 and the property of the said R. J. Chalmers, from the presence and against the will of the said R. J. Chalmers, then and there by force and violence to the person of the said R. J. Chalmers and by putting the

said R. J. Chalmers in fear of some immediate injury to his person by use of the said revolving pistol, to-wit: a .38 Colt revolving pistol loaded with gunpowder and leaden balls, feloniously did rob, steal, take and carry away contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

The first criticism of the information is that it ''attempts to charge an assault but the use of the word 'assault' . . . . is merely a conclusion of the pleader, since it is not charged that the pistol was ever in the sight of the parties alleged to be robbed, or that defendants had and held the same in their hands. The pistol might have been concealed insofar as the information discloses.'' If defendants kept the pistol concealed they could hardly have assaulted Chalmers with it, as the information charges they did. And in a subsequent portion of the information it is alleged that the robbery was accomplished by use of the pistol. So far as concerns this criticism the information is in the form that has frequently been approved by this court, though perhaps not challenged on this particular ground. [See State v. Davis (Mo.), 58 S. W. (2d) 305; State v. McCullough, 316 Mo. 42, 289 S. W. 811; State v. Shuls, 329 Mo. 245, 44 S. W. (2d) 94.] This criticism is not well founded.

It is next argued that the information is bad because of the use of the word ''and'' in the phrase, ''$10.00 good and lawful money . . . of the value of $10.00 and the property of the said R. J. Chalmers.'' Appellants argue that the conjunction ''and'' following ''$10.00'' does not refer to the $10, and that by its use in that connection the information charges the taking of other property not described and which should have been described. There is no merit in this contention. The meaning clearly is the same as though the information read, ''and *being* the property of the said R. J. Chalmers,'' etc.

It is contended also that the information is fatally defective because it charges that the money was taken ''*from* the presence'' of Chalmers, instead of *in* his presence as the statute reads. In State v. Gilmore, 336 Mo. 784, 81 S. W. (2d) 431, on a like record, the same contention was made and we denied it. We adhere to that ruling. We consider the information in this case sufficient.

II. In their motion for new trial and in their brief here appellants assign prejudicial error in the admission, over their objections, of the testimony of J. W. Rook to the effect that the next night after the robbery he had heard that defendant Franks intended to try to prove that at the time of the robbery he was at the saloon of one Lindberg, in Springfield. Defendant Franks had offered evidence that he was in the Lindberg Saloon constantly from about seven until nine o'clock on the night of the robbery. Rook was a police officer

whose "beat" that night took him past the saloon. He was called by the State in rebuttal and testified that he was in the saloon twice on that night between seven and nine o'clock and that Franks was not there. He was then asked by counsel for the State how he recalled that it was on that night that he was thus in the saloon. He answered in substance that he remembered it because he had been told the next night after the robbery that "they" (evidently meaning Franks or both defendants) were going to prove that Franks was at said saloon from seven to nine o'clock on the night of the robbery.

The testimony in question did not affect Caffey. No reference was made to him and his alibi evidence was directed to showing that he was at a different place and not with Franks on the night of the robbery. As to Franks, he did attempt to prove and offered evidence tending to prove that he was at the saloon between the hours mentioned. We cannot perceive how Rook's testimony, even if incompetent, that he had heard that Franks proposed to offer such proof could have been prejudicial to Franks in view of the fact that, admittedly, he did so propose and did offer the proof. If the admission of this testimony was error it was non-prejudicial, therefore not reversible.

III. In the motion for new trial defendants complained of the instruction given by the court on the credibility of witnesses. They do not mention that question in their brief here. Said instruction is in the form that has often been approved. The court did not err in giving it.

Complaint is also made in the motion for new trial, but not briefed here, concerning matters alleged in the motion to have occurred during the trial, but which are not shown by the bill of exceptions to have occurred and, therefore, are not here for review. Such allegations in the motion for new trial do not prove themselves. [State v. Stogsdill, 324 Mo. 105, 119, 23 S. W. (2d) 22, 26; State v. Williams, 335 Mo. 234, 71 S. W. (2d) 732, 735.]

IV. Under the applicable statutes the court was without authority to assess the extra two years' imprisonment in addition to the punishment assessed by the jury. We discussed and decided this precise question in State v. Harris, 337 Mo. 1052, 87 S. W. (2d) 1026. We there held, however, that said error in the judgment did not require remanding of the case since, under another statute, it was the duty of this court, under the circumstances, to enter the proper judgment here. As in the Harris case, so here, the defendants appear to have had a fair trial, the verdict is supported by substantial evidence and except for the infliction of the additional two years' imprisonment by the court in its judgment the record is free from prejudicial

error. Following our procedure in said Harris case we will enter the proper judgment here.

It is therefore ordered and adjudged by the court that the defendant, Chub Franks (sometimes named in the record as Chub Audrey Franks), be confined in the penitentiary of this State for a term of ten years, and that the sheriff of Greene County, Missouri, or other officer having such prisoner legally in charge, shall with all convenient speed convey said defendant, Franks, to the State penitentiary of the State of Missouri and deliver him to the warden thereof, there to be imprisoned for the period of ten years or until he be otherwise discharged by due course of law. And,

It is ordered and adjudged by the court that the defendant, Ernest Caffey, be confined in the penitentiary of this State for a term of ten years, and the sheriff of Greene County, Missouri, or other officer having such prisoner legally in charge, shall with all convenient speed convey said defendant, Caffey, to the State penitentiary of the State of Missouri and deliver him to the warden thereof, there to be imprisoned for the period of ten years, or until he be otherwise discharged by due course of law.

It is further ordered that the clerk of this court forthwith furnish the warden of the State penitentiary certified copies of these orders and judgments. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.