STATE v. HENRY JORDAN, Appellant.—No. 38958.—182 S. W. (2d) 563.

Division Two, October 9, 1944.

*Melvin Englehart* for appellant.

*Roy McKittrick,* Attorney General, and *B. Richards Creech,* Assistant Attorney General, for respondent.

BARRETT, C.—Henry Jordàn appeals from a conviction and sentence of two years in the penitentiary for statutory rape. He urges upon this appeal that he is entitled to a new trial because of the admission of certain evidence, because the trial court improperly refused to strike out certain counter-affidavits relating to his motion for a new trial and because his constitutional right to compulsory process for witnesses was violated by misconduct on the part of a sheriff. A bill of exceptions has not been filed—the appeal is here on the record proper only—and consequently none of the briefed assignments of error may be considered. State v. Turpin, 332 Mo. 1012, 61 S. W. (2d) 945. Appellant's counsel is aware of the situation and of the impossibility of considering the assignments in the absence of a bill of exceptions and urges first, that we consider these matters as they are made to appear from his motion for a new trial and the affidavits filed in connection with the motion and second, that the trial court erred in refusing to order a transcript of the entire record or a bill of exceptions furnished the appellant at the expense of the state and in denying him the privilege of appealing as a poor person.

The affidavits counsel speak of are not attached to the motion for a new trial and are not in the record proper. But even if they had been copied into the certified record neither the affidavits nor the motion for a new trial are properly a part of the record proper. For "the purpose of appellate review a bill of exceptions is the only repository for a motion for new trial." State v. Turpin, supra. The assignments in the motion for a new trial and the supporting affidavits do not prove themselves. State v. Adams, 318 Mo. 712, 300 S. W. 738; State v. Franks, 339 Mo. 86, 95 S. W. (2d) 1190. A motion for a new trial may only be made a part of the record and presented for review on appeal by being preserved in a properly authentical bill of exceptions allowed and filed in the trial court. State v. Carel (Mo.), 69 S. W. (2d) 296. Since the motion for a new trial is not supported by a bill of exceptions, does not prove itself, and is not properly a part of the record proper it does not present anything we may review unless the appellant is entitled to be furnished a transcript at the expense of the state. State v. Nichols (Mo.), 165 S. W. (2d) 674; State v. Williams, 335 Mo. 234, 71 S. W. (2d) 732; State v. Barr, 340 Mo. 738, 102 S. W. (2d) 629.

The appellant's contention that he should have been furnished a bill of exceptions at the expense of the state and permitted to appeal as a poor person appears to be based upon the fact that when he was arraigned the trial court found that he was unable to employ a lawyer and assigned his present counsel to defend him. Mo. R. S. A., Sec. 4003. It may be that the statute requiring the court to assign counsel to represent a defendant charged with a felony is mandatory when the defendant is unable to employ counsel and requests the appointment. State v. Williams, 320 Mo. 296, 6 S. W. (2d) 915. It may be

that an inference or even a presumption of poverty and inability to pay for a transcript is compelled from the finding of inability to employ counsel when the defendant was arraigned. But it does not follow that the appellant, who has been convicted of a noncapital felony, was entitled as a matter of right to appeal as a poor person or that we may, under this record, review the trial court's action in denying the appellant's application.

Furnishing a free transcript of the entire record to one sentenced to be executed is mandatory. State ex rel. Lashley v. Ittner, 315 Mo. 68, 292 S. W. 707. There was a time when it was mandatory in noncapital felonies in counties of over 100,000 population. State v. Ernest, 150 Mo. 347, 51 S. W. 688; State ex rel. Scales v. Zachritz, 145 Mo. 269, 46 S. W. 961; Laws Mo. 1907, pp. 441-442; Mo. R. S. A., Sec. 13354. But the statute applicable to this case and this appellant provides that when "it shall appear to the satisfaction of the court that the defendant is unable to pay the costs of such transcript for the purpose of perfecting the appeal, the court shall order the same to be furnished . . . " Mo. R. S. A., Sec. 13344. Thus, as the statute now stands, "the circuit courts in the country have a discretion." State v. Ernest, supra. The matter, so far as transcripts are concerned in noncapital felonies, is committed to the circuit court. State v. Pieski, 248 Mo. 715, 154 S. W. 747. Our statutes are wholly unlike the statutes of other states regulating criminal appeals by poor persons and the policy of the statute is a legislative matter. See and compare the provisions set forth in 24 C. J. S., Sec. 1710, p. 398, the annotation in 100 A. L. R. 321 and Secs. 447 and 450, Amer. Law Institute's Code of Criminal Procedure.

If it is contended that the trial court abused its discretion there is nothing in the record before us to show it. The record recites that "Now at this day motion to secure transcript of record filed, taken up, submitted and by the court overruled, exceptions saved." An appeal was allowed and the docket fee of $10.00 paid in open court. What evidence, if any, the court heard or how the question was submitted to the trial court does not appear from the record. The only fact appearing from the record is that counsel was assigned to the appellant when he was arraigned. Even if we infer or presume from the finding of his inability to employ counsel that he was also unable to pay for the cost of a transcript, yet we may not say that the court abused its discretion when it did not "appear to the satisfaction of the court" that he could not pay for the transcript. The question was submitted to the court, as the record recites, and we must also assume, regardless of the manner in which the matter was submitted that the court performed its duty. State v. Lettrell (Mo.), 39 S. W. (2d) 556. Any inference compelled from the court's appointing counsel cannot prevail over the presumption of right action on the part of the court in ruling on the appellant's motion to be furnished a bill of

exceptions at the expense of the state. State v. Shawley, 334 Mo. 352, 67 S. W. (2d) 74.

We have examined the record proper and it is free from error. The judgment is therefore affirmed. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.