**STATE of Missouri, Respondent,**

v.

**Charles Edgar CORY, Appellant.**

No. 52067.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1966.

**12**

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Atty. Gen., Jefferson City, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

BARRETT, Commissioner.

On February 5, 1937, in the Circuit Court of Newton County, Charles Edgar Cory, with three prior felony convictions, was found guilty of robbery in the first degree by means of a dangerous and deadly weapon and a jury fixed his punishment at ninety-nine years' imprisonment. In the trial of his case Cory was represented by Mr. A. H. Garner then a member of the Joplin bar. While it appears from the record in that case that Mr. Garner was a lawyer of Cory's choice, he stated in one of the papers filed in that case that Mr. Garner "received only personal property of the value approximately $50.00 for his services" and that despite having a lawyer of his choice he was nevertheless indigent and asked leave to "prosecute his appeal as a poor person" including, under the then applicable statute (RSMo 1929, § 11722), a free transcript. Upon a hearing of the motion to prosecute the appeal as a poor person the circuit court "over-ruled" the motion and under the practice then prevailing (State ex rel. Miller v. Smith, Mo.App., 120 S.W.2d 184; State v. Jordan, 353 Mo. 405, 182 S.W.2d 563) Cory's appeal was prosecuted on the record proper only, no brief was filed, he was not represented by counsel and there being no error upon "the record proper" his conviction was affirmed by this court in 1938 in State v. Cory, Mo., 123 S.W.2d 541. In that case he filed a motion for a rehearing supported in part by an affidavit from his lawyer, stating that the "trial court has agreed to permit a full transcript of the testimony * * * at the expenses of the county if same will be considered by this court, and states that if such record was available, *there is such conflicting testimony* in said record as to warrant a rehearing in this cause." The motion for rehearing was overruled on December 20, 1938.

And now on December 22, 1965, by employed counsel he instituted this 27.26 proceeding to set aside the ninety-nine years' sentence affirmed in 1938. In his present motion he alleges his indigency in 1937, that he was unable to secure and pay for a transcript and he says "That there existed in defendant's trial and for appeal, substantial questions of law and fact, and that if said questions had been presented to the appellate courts along with the transcript of testimony, defendant's said conviction may well have been reversed and defendant believes said conviction would have been reversed." There was a hearing upon this motion, the extant court records in the original trial including his wholly inadequate motion for a new trial were placed in the record, and Cory's counsel offered to prove that in 1937 Cory was indigent. The judge found that in his original trial and appeal the defendant then and now "was represented by attorneys of his own choosing," the court also considered two other 1946 proceedings involving Cory and his original case, one in the Circuit Court of Newton

County and the other in the Circuit Court of Cole County, finally determined in this court en banc on November 10, 1947 and February 9, 1948, State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, and in conclusion found that "(t)here appears to be no error that affects the validity of the judgment and sentence" and therefore denied the motion to vacate.

■ Upon this appeal it is urged that RSMo 1929, § 11722 (RSMo 1959, § 485.-100) as applied by the trial court was a denial of due process and equal protection under both the state and federal constitutions. And it must be conceded, particularly since the original trial was of a capital offense (RSMo 1959, §§ 560.120, 560.135) "that the state, upon a timely request, must furnish an indigent defendant in a criminal case with a record on appeal which is sufficient for an adequate appellate review of his conviction." Patterson v. Medberry, 10 Cir., 290 F.2d 275, 277; Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. The difficulty with the appellant's position upon this appeal as urged by his counsel is that, perhaps unwittingly, he has in point of fact had an "adequate appellate review" of all matters that would have entitled him to a new trial in his original case.

■■ As noted, the only allegation or statement in his motion to vacate which he says necessitated a transcript was that "substantial questions of law and fact" existed and that these would have necessitated a new trial. His counsel does not state just what these "questions" were and his original motion for a new trial which he has made a part of this transcript, with possibly one exception, out of ten, to be noted subsequently, is entirely inadequate in point of fact as well as within the meaning of the rules and statutes applicable then and now (RSMo 1959, § 547.030; Criminal Rule 27.20, V.A.M.R.) to present a reviewable question in an appellate court. And no place in the brief and argument here is it asserted that there was any matter in the

trial of his original case entitling him to a new trial, thus he is asserting the bare technical right, an abstraction without a showing of manifest injustice or prejudicial error in his original trial. State v. Maness, (No. 51503), Mo., 408 S.W.2d 15; Fennell v. United States, 10 Cir., 339 F.2d 920, cert. denied 382 U.S. 852, 86 S.Ct. 100, 15 L.Ed. 2d 90. In the transcript of this case there is an affidavit by Cory, dated February 4, 1966, in which he says that a transcript in his original appeal would have revealed that "He was not identified as being the guilty person, and the evidence against him consisted of testimony by Deputy Hanse regarding tracking the automobile of this defendant seven miles on a blacktop road the day after the crime and testimony that he found the word 'Kuhn' written on a five dollar bill found in defendant's possession, although the victim, Mr. Kuhn, testified he knew nothing about his name being on any of the money allegedly taken from him." He also alleged that he was held incommunicado for five days in Joplin before being transferred to Neosho. It is nowhere claimed or pointed out that his being held incommunicado was connected with any matter prejudicial to him so as to invalidate the original judgment. State v. Keeble, Mo., 399 S.W.2d 118; State v. Gilliam (No. 51845), Mo., 408 S.W.2d 21. Cory's 1966 affidavit asserts no more than a conflict in the testimony, a problem in credibility of witnesses and evidence, and is not a matter that would entitle him to relief in a 27.26 proceeding. State v. Turner, Mo., 353 S.W. 2d 602.

Other matters in the records and files negate Cory's right to relief in this 27.26 proceeding. As stated he is represented by counsel of his own choosing in this proceeding. There is in fact no claim of error in his original trial other than the mere allegation that under the procedure then obtaining he was denied a transcript. But aside from this another factor relied on by the court for denial of relief in this proceeding is the report of his two habeas corpus proceedings in 1946 and 1947. State ex rel.

Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268. Incidentally, in those proceedings he was also represented by counsel of his own choosing, in this court by three veteran lawyers, one of whom, a former state senator, was well known for his success and experience in defending criminal cases. In any event those two proceedings were consolidated in this court and the reported case and its two files furnish other facts and circumstances for this court's consideration. One of the circumstances overlooked by Cory and his present counsel is that in his Cole County habeas corpus case "(t)he amendment of the return has been made, and Cory's evidence is before us." 208 S.W.2d l. c. 277. In the first place, in those proceedings Cory's claim was that his robbery conviction was illegal and void and that he had been denied due process "in that he had not been accorded an adequate opportunity to prepare and present his defense." It was repeatedly pointed out in the opinion that in the robbery case Cory had been represented by "a lawyer of his own selection," even though he may have been inadequately compensated for his services. It was pointed out that in the robbery case there was no application for a continuance or a complaint of lack of time for preparation "until he had risked the issue and filed a motion for new trial after an adverse verdict." 208 S.W.2d l. c. 276.

To support his claim of lack of time for preparation Cory said that on the way to his own trial "I thought I was going up to be a witness for this fellow (Arthur Bailey) that was charged in the same charge with me, come up here with me." But more important is the fact that his testimony in the habeas corpus case in 1946 reveals that his defense to the robbery case was an alibi and his claim of prejudice and injury was that due to an unprecedented snowstorm on the day of the trial he was unable to secure the presence of witnesses, "plenty of them," other than his father and mother and himself to his defense of alibi. And again, had the unnamed witnesses been available their testimony at best would have been cumula-

tive and as to the principal charge and his guilt or innocence presented no more than a testimonial conflict, which of course is not a proper subject for a 27.26 proceeding. State v. Turner, Mo., 353 S.W.2d 602. "Defendant contends that the evidence conclusively established the presence of the defendant elsewhere at the time of the commission of the alleged *defense*. (sic). Defendant testified that he was at his home throughout the entire morning of the robbery, performing household tasks such as painting floors, moving furniture and hanging curtains. In this he was corroborated by his parents, brother, girl friend and a tenant in the building. We cannot, however, say that the defense of alibi was 'conclusively established' by the evidence given in behalf of defendant. It was within the province of the jury to disbelieve defendant and the several witnesses by whom he sought to establish an alibi. * * * The evidence sustained the conviction as against the defense of alibi." State v. Reece, Mo., 324 S.W.2d 656, l. c. 659.

In short, even now the appellant does not allege any matter that would have entitled him to a new trial had his robbery conviction been reviewed on a full transcript in this court. He certainly does not allege any matter that would entitle him to an acquittal either then or now—the essence of his case is an abstract or theoretical right to a transcript and that alone is not a ground or reason for relief in a 27.26 proceeding. State v. Pope (No. 51314); State v. Maness (No. 51503), Mo., 408 S.W.2d 15. Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.