STATE of Missouri, Respondent,

v.

Oliver Glenn PICKENS, Appellant.

No. 35766.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 5, 1975.

James C. Jones, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

This appeal is from a judgment of the Circuit Court of the City of St. Louis finding the defendant guilty of Assault with Intent to Ravish with Malice Aforethought (§ 559.180 RSMo 1969). The jury was unable to agree on punishment and the trial court sentenced the appellant to a term of fifteen years in the custody of the Depart-ment of Corrections. (Rule 27.03, § 546.440 RSMo 1969). After a motion for new trial was filed, submitted without oral argument and overruled, this appeal followed.

Appellant (hereinafter the defendant) does not attack the sufficiency of the evidence to support the conviction and it would serve no useful purpose to belabor this opinion with a recitation of the State's evidence, which if believed, as it obviously was, established the offense charged.

■ Defendant presents two Points Relied On in this Court for reversal of his conviction. The first is directed at some questions directed to the jury panel on voir dire and the overruling of defendant's motion that the jury panel be dismissed. The following are the questions and the colloquy which form the basis of defendant's contention that the jury panel should have been dismissed.

"MR. ALLRED: While I was on vacation there's been some nonsensical, in my judgment, articles, that were in our newspaper here. I've read them. They were about our community here and the attitude—

"MR. BAUER: Just a minute. Your Honor, I object to that line of voir dire examination. That's not proper voir dire inquiry for the jury.

"MR. ALLRED: It will be very general.

"THE COURT: Objection sustained.

"MR. ALLRED: All right. Now what I'm saying is this: These articles tried to talk about what juries do in—

"MR. BAUER: Objection. Very improper voir dire, and that's an attempt to inflame the jury about what's been going on in—

"THE COURT: I'll sustain the objection.

"MR. ALLRED: Well, the question is this: It declared that the attitude of some people is such that they don't want to acquit people bacause (sic)—

"MR. BAUER: I object to that. It's the exact thing which I just objected to

before, and now, at this time, I ask this jury panel be dismissed and a new—

"THE COURT: Sustained.

Denied.

Let's proceed.

"MR. ALLRED: Is there anybody here who has the attitude that you want to acquit somebody just because he's charged with a crime in this community? That's ridiculous, isn't it?"

■ Defendant in the Argument portion of his brief states: "During voir dire examination the Assistant Circuit Attorney made repeated references to newspaper articles concerning the high rate of acquittals of defendants in St. Louis County." A careful search of the transcript on appeal reveals that the above quoted section of the voir dire is the only portion thereof contained in the transcript filed in this Court. While we might concur with the Assistant Circuit Attorney's remark that his question was ridiculous and might have been more artfully phrased, we conclude that the trial court sustained the defendant's objections to the line of inquiry and did not abuse its discretion in denying defendant's request that the jury panel be dismissed. The trial court has broad discretion in the conduct of voir dire examination of the jury and when that discretion is exercised it may only be interfered with where there is a clear and obvious abuse of its discretion. *State v. Hawkins*, 362 Mo. 152, 240 S.W.2d 688, 694[8] (1951). We find no evidence to support a conclusion that the trial court abused its discretion in denying defendant's motion and rule this point against defendant.

■ Defendant's second, and final Point, is that it was error for the trial court to overrule defendant's motion for mistrial after the Assistant Circuit Attorney inquired of the defendant on cross-examination whether he had become ill due to narcotics.

Defendant took the stand in his own defense and on direct examination testified that he arrived at work at 1453 Webster, the premises of the Holy Spiritual Church, on the morning of the 21st of May, 1973, at about 8:30 a. m. with another fellow, a friend of his whose name he did not know, other than he was called "Sankey". He worked until about 9:30 or 9:45 a. m. when he left the job because he had become ill with an upset stomach from some donuts and chocolate milk given him by the man with whom he was working. On cross-examination by the Assistant Circuit Attorney, inquiring about the circumstances of defendant's illness, the following occurred:

"Q. Okay. And then when you were sick, did you advise Sankey you were sick?

A. Yeah, he seen it.

Q. And he saw you vomit, I take it?

A. Uh-huh.

Q. That wasn't from taking any narcotics, was it?"

Defendant's counsel immediately interposed an objection which was sustained, and he then asked that the jury be instructed to disregard the statement and requested a mistrial. The trial court instructed the jury to disregard and denied the motion for mistrial.

Defendant argues that this question was wholly outside the scope of the evidence presented, that the Assistant Circuit Attorney had no reasonable basis for asking the question, and that the obvious effect of the question was to implant within the minds of the jury an element highly prejudicial to the defendant without any basis in fact.

■ From the record we cannot discern whether the Assistant Circuit Attorney in fact had any basis for this question because once the objection was sustained, although he pursued the cause of defendant's stated illness, he did so by asking if the defendant knew what caused him to be sick. Assuming that he did not, we must view defendant's contention in light of the recognized legal principle that the declaration of a mistrial is a drastic remedy which

**32**

should be granted only when the prejudice induced into the trial is so great that it cannot be removed by other means, and is one which rests largely in the discretion of the trial court. It is only in those cases where the reviewing court determines that the failure to declare a mistrial constitutes an abuse of discretion that it may reverse the trial court and remand the cause for a new trial. *State v. Duncan*, 499 S.W.2d 476, 479[6–8] (Mo.1973). If, as defendant contends, the Assistant Circuit Attorney had no basis in fact for this type of inquiry but was just on a fishing expedition in an effort to infuse in the minds of the jurors that this defendant was a dope addict or a user of narcotics, we cannot condone such behavior by an officer of the court. Nevertheless, it was the defendant who brought into the case his illness as part of his defense that he could not have been the culprit who attempted to ravish the victim, and even within the limited scope of examination afforded the State under § 546.260 RSMo 1969, the State is not bound by his explanation as to the cause of his illness because it was a matter referred to in his examination in chief which became pertinent to the issues, *State v. Graves*, 352 Mo. 1102, 182 S.W.2d 46, 53[10] (1944), and was therefore subject to the rigors of cross-examination. We conclude that the trial court having sustained defendant's objection to the question and instructed the jury to disregard, acted properly in not granting the ultimate relief requested, particularly in the light of the answer immediately thereafter made by the defendant to the Assistant Circuit Attorney's question going to the cause of defendant's illness.

We have reviewed the sufficiency of the indictment, verdict, judgment and sentence as we are required to do by Rule 28.02 and find them to be free of any irregularities.

The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.