**STATE of Missouri, Respondent,**

v.

**Gerald D. WORD, Appellant.**

**No. KCD 27534.**

Missouri Court of Appeals, Kansas City District.

Sept. 2, 1975.

Gerald M. Handley, Acting Public Defender, James F. Speck, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

On an information charging armed robbery and one prior felony conviction, the defendant was found guilty by a jury and sentenced to ten years by the trial court.

The single issue raised is the propriety of the trial court's overruling of defendant's motion to suppress identifications on the ground that the lineup was so unnecessarily suggestive and so conducive to irreparable mistaken identification as to be violative of due process. Defendant relies alone on *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The judgment and conviction are affirmed.

The armed robbery out of which the conviction arose was the robbery of a taxi driver, one Fisher. He had deposited one fare at an address in a low rental housing project, and the robber approached the cab and had a flirtatious discussion with another female passenger who had remained in the cab. The robber then asked the driver to take him to a specified address, and the request was refused by the driver. The robber then produced a weapon and, after taking the money from the driver, entered a nearby building. The whole affair was observed by one Bartlett, a security guard, who did not realize a robbery was occurring. When later advised a robbery had, in fact, occurred, he arrested the defendant on the basis of his having seen him on the occasion in question and having known him from seeing him in the vicinity of the crime on three or four prior occasions.

Only Fisher appeared at the lineup and identified the defendant. Both Fisher and Bartlett made positive in-court identifications of the defendant as the robber.

The claim of the defendant here is on the ground that a lineup may be so suggestive and improper as to violate the due process rights of the defendant by causing an irreparable mistaken identification as is suggested in *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Such an attack could not prevail in this case because of the independent identification of the defendant by Bartlett whose identification could not have been based upon the lineup he did not participate in. The State likewise urges that the point is not preserved since the defendant did not object to the identification testimony of either Bartlett or Fisher when it was offered at trial. It is unnecessary, however, to rest the decision in this case upon the

procedural ground asserted by the State, for clearly, there is on this record a factual basis to dispose of the issue, even aside from the independent identification of Bartlett.

Unlike the lineups in *Stovall* and in *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the composition of this lineup is available for review. There were pictures taken of the four individuals at the lineup. They were in evidence at the motion to suppress and are here with the record. The trial court examined these photographs which were the only evidence presented to the trial court on the motion other than the statement of Fisher as to the basis of his appearing at the lineup. Thus, these pictures formed the basis for the trial court's finding that the lineup was not unduly suggestive. The photographs have been examined, and the trial court's holding appears to be clearly correct since the photographs do not in and of themselves produce any suggestion of the identity of the defendant as the culprit. The photographs are of four Negro males of approximately the same height and build, and there is no facial scarring or other distinguishing characteristics which would eliminate any of the other persons in the lineup as not being a suspect. Counsel for the defendant makes a valiant effort to point out the dissimilarities in facial characteristics, hair lengths and facial hair, as well as judgmental statements with respect to the apparent age and complexion of the persons shown in the photographs. The lineup does not require an exact physical conformity of the participants and such a requirement would make compliance impossible. The issue of differences in weight or complexion, or even height, as well as differences in hair styling, do not, in and of themselves, make a lineup unduly suggestive. *Gaitan v. State,* 464 S.W.2d 33, 35 (Mo.1971); *State v. Hampton,* 509 S.W.2d 139 (Mo.App.1974).

Judgment and conviction affirmed.

All concur.