STATE of Missouri, Plaintiff-Respondent,

v.

Royce T. ARNOLD, Defendant-Appellant.

No. 36592.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 23, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., Brendan Ryan, Circuit Atty., St. Louis, for defendant-appellant.

Henry G. Philip, Jeffrey Shank, Asst. Public Defenders, Charles D. Kitchin, Public Defender, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant Royce Arnold appeals his conviction and five year sentence for stealing from a dwelling house. Defendant maintains that an in-court identification of defendant by a prosecution witness was based on an unduly suggestive lineup and was therefore improper. We disagree and affirm the conviction.

The State's key witness to the crime was Kenneth Churchill. Mr. Churchill testified that in midmorning he observed the defendant, who was wearing a dark brown jacket and trousers similar to those worn by a service station attendant, park his car across the street from Mr. Churchill's apartment building and enter into his neighbor's backyard which adjoined Mr. Churchill's apartment building. It was Mr. Churchill's testimony that defendant passed within six to eight feet in front of Mr. Churchill; that he saw defendant exit from his neighbor's apartment carrying a portable television set; that defendant entered the automobile with the television set and sped away.

On the same day of the crime Mr. Churchill gave a detailed description of the defendant to the police and also of the automobile used in arriving and departing from the scene of the crime. Shortly thereafter, the defendant was arrested while driving an automobile bearing the same license plate numbers and carrying the same description as supplied to the police by Mr. Churchill.

Two days after the burglary Mr. Churchill made a positive and unhesitant identification of defendant at a police lineup. At the lineup, defendant was wearing a dark brown jacket and trousers similar to the clothing which Mr. Churchill described was being worn by the perpetrator of the theft of the television set. At trial Mr. Churchill made a courtroom identification of defendant as the person he had seen leaving his

neighbor's apartment, and defendant argues that since he was wearing dark brown clothing—the same as that worn by the offender—that the identification of defendant by Mr. Churchill was the result of an unduly suggestive lineup.

■ *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and *Simmons v. U. S.,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), require us to look at the "totality of the circumstances" to determine whether identification procedures are unduly suggestive. And *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), sets forth the factors to be considered in evaluating whether under the totality of the circumstances the identification procedures were unduly suggestive:

> "[T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." 409 U.S. at 199, 93 S.Ct. at 382.

■ Similarly, the Missouri courts in determining whether identification procedures have violated due process consider the presence of an independent basis of identification, absence of suggestive influence by others and a positive courtroom identification. *State v. Boothe,* 485 S.W.2d 11 (Mo. banc 1972); *State v. Parker,* 458 S.W.2d 241 (Mo.1970); *State v. Everly,* 430 S.W.2d 156 (Mo.1968); *State v. Rutledge,* 524 S.W.2d 449 (Mo.App.1975).[1]

■ In this case, Mr. Churchill carefully observed the movements of the perpetrator of the offense in daylight during a 10–15 minute period. The offender passed in front of Mr. Churchill at least three times approaching within six to eight feet of him and even speaking to him at one point. Mr. Churchill also gave an accurate

description of the defendant leading to his arrest, and defendant was immediately and positively identified by Mr. Churchill at the lineup after the arrest. There was a complete absence of any suggestive influence on Mr. Churchill by others. We conclude that although at the lineup defendant was attired in a brown jacket and trousers—the same or similar apparel worn by the criminal offender when first observed by Mr. Churchill at his neighbor's apartment—the lineup, by that fact, was not maculated. The articles of clothing worn by the defendant in this case were not decisive in his identification. Further, the courtroom identification by Mr. Churchill had ample independent basis in the light of the totality of the circumstances, and the identification testimony was admissible. *State v. Everly,* supra; *State v. Rutledge,* supra; *State v. Gay,* 523 S.W.2d 138 (Mo.App.1975); *State v. Cole,* 519 S.W.2d 370 (Mo.App.1975).

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.

---

1. *State v. Rutledge,* supra, contains an excellent and extensive recitation of the current

law relating to proper identification procedures.