STATE of Missouri, Plaintiff-Respondent,

v.

Ronald JOHNSON, Defendant-Appellant.

No. 37612.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 24, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Robert C. Babione, Public Defender, J. C. Jones, Asst. Public Defender, Joseph F. Beatty, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Robert M. Sommers, Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

After trial by jury in St. Louis Circuit Court, defendant was convicted of two counts of first degree robbery by use of a dangerous and deadly weapon. On appeal, defendant challenges the in-court identification of him by his two victims, arguing that such identification was maculated by an unnecessarily suggestive lineup procedure. We find defendant's contention is without merit and affirm the conviction.

The defendant's two robbery victims were Michael States and LaVetta Jefferson. States was the proprietor of the Boogie Shack, a recreation center in St. Louis, and Ms. Jefferson was assisting him. On the night of the robbery, States clearly observed the defendant and a companion standing under flood lights outside the Boogie Shack immediately prior to their making an effort to sell States some merchandise. A few minutes after the unsuccessful sales effort, as a customer was leaving the Boogie Shack, defendant and his companion forced their way in. Defendant displayed a shotgun, and States leaped over a counter to escape, falling to the floor. Defendant shot at States with the pellets grazing States' hair but not wounding him. As States lay on the floor behind the counter where he had fallen, defendant stood over him with States looking directly into the defendant's face while the defendant's companion removed items from the cash register, States and Ms. Jefferson. Defendant then ordered States out of the store, and States observed defendant leave the store and get into an automobile. During the entire episode—which lasted about five minutes in a well lighted room—defendant's face was almost always within clear view of States.

LaVetta Jefferson also had initially seen defendant under the Boogie Shack flood lights prior to his entry and sales effort. Ms. Jefferson testified that from the time the defendant entered the Boogie Shack until the robbery was over she never took her eyes off defendant as he displayed the shotgun.[1] Ms. Jefferson was at a distance of about three feet from the defendant when he shot at States, and she was struck in the leg by some of the shotgun pellets. After she was shot, Ms. Jefferson continued to watch the defendant as he ordered her from behind the counter and made her lie down.

Based on accurate descriptions of the defendant given to them by the victims, police investigating the robbery showed photographs of possible suspects to States and Ms. Jefferson. About two months after the robbery, States and Ms. Jefferson, separately, picked out a photograph of the defendant as the shotgun bearing robber. The day after the photographic identification, States and Ms. Jefferson, again separately, identified defendant in a five man police lineup as the robber. They also unhesitatingly identified the defendant in court.

■ No discussion is necessary as to whether the lineup or photographic identification procedures were unnecessarily suggestive. We find from the evidence that States and Ms. Jefferson each had strong independent basis for the in-court identification, and considering the totality of the circumstances, we find the in-court identification proper. No error of law appears, and, particularly, there was no error in admitting the identification testimony. *State v. Madison,* 537 S.W.2d 563 (Mo.App.1976); *State v. Johnson,* 536 S.W.2d 851 (Mo.App. 1976); *State v. Proctor,* 535 S.W.2d 141 (Mo.App.1976); *State v. Arnold,* 528 S.W.2d

1. "Q. When you put your hands back up in the air who were you looking at?
   A. [LaVetta Jefferson] The man with the shotgun. [Defendant]
   Q. All right. How far away from you is he?
   A. Was he at that time?
   Q. Yes, Ma'am.
   A. About three feet away.
   Q. Is he on the other side of the counter?

A. He was right at the edge of the counter (indicating).
   Q. How long did you have to observe this man at this time?
   A. About a minute or so I guess.
   Q. All right. Did you take your eyes off of him at all during that time?
   A. No, I was watching him."

164 (Mo.App.1975); *State v. Rutledge,* 524 S.W.2d 449 (Mo.App.1975).

■ It is apparent from the record that defendant had a fair trial.[2] We find that this opinion is without precedential value, and the judgment is affirmed in compliance with Rule 84.16.

SIMEONE, P. J., and KELLY, J., concur.

---

2. We observe that within the 340 pages of transcript produced at a cost of $374.00 that the evidence was overwhelming as to defendant's guilt.