**STATE of Missouri, Plaintiff-Respondent,**

v.

**James Earl HALL, Defendant-Appellant.**

**No. 37363.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 31, 1976.

Mary Louise Moran, Frank Fabbri, III, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

After trial by jury for the offense of robbery, first degree, defendant was sentenced by the court under the Second Offender Act to serve seven years in the Department of Corrections. §§ 560.120, 556.-280 RSMo 1969. He appeals. On appeal his sole contention is that the trial court erred in denying his pre-trial motion to suppress identification testimony and allowing testimony concerning his identification at trial because the identification procedures were so unduly suggestive and conducive to irreparable misidentification as to be a denial of due process of law. We find the contention to be without merit and affirm.

On March 10, 1975, the victim, Mrs. Lena Louise Wright, was walking on a street in the City of St. Louis. The defendant walked toward her, and as he did uttered some words. Mrs. Wright observed the defendant walking toward her for some three to five minutes prior to the offense. He passed her but returned and grabbed her purse. She struggled and began screaming. She was struck. She finally released the purse. Defendant held the victim at arm's length as he wrestled the purse from her. The day was bright and clear. She notified the police and described the assailant in some detail, including a description of his clothing and as having acne or "spots" on his face. Three days after the incident, she was requested to view a lineup and identified the defendant. At trial, which was held some five months after the incident, she was "absolutely positive" that the defendant was the one who robbed her.

Defendant's sole point relates to the lineup procedures. He argues that because the defendant had a bad facial complexion the lineup was so unnecessarily suggestive that it tainted the identification, so that the court erred in overruling the motion to suppress identification testimony by the witnesses for the state. We find this point to be without merit.

First, we are convinced that under the totality of the circumstances the lineup was not impermissibly suggestive. *State v. Tidwell*, 500 S.W.2d 329, 331–332 (Mo.App. 1973); *State v. Ealey*, 515 S.W.2d 778, 780 (Mo.App.1974); *State v. Tomizoli*, 519 S.W.2d 713, 715 (Mo.App.1975); see cases collected in *State v. Rutledge*, 524 S.W.2d 449, 456 (Mo.App.1975).

Second, we find from the evidence that there was an independent factual basis for the in-court identification.[1] Mrs. Wright observed defendant in adequate light for several minutes, and described him with some specificity. At trial she was "absolutely positive" that he was the one who committed the offense. From the record, we are convinced that no error of law appears, and that there was no error in admitting the identification testimony. *State v. Johnson*, 536 S.W.2d 851, 854–855 (Mo.App. 1976); *State v. Arnold*, 528 S.W.2d 164, 166 (Mo.App.1975); *State v. Rutledge*, supra, 524 S.W.2d at 456.

We have read the entire transcript, the briefs of the parties and the authorities relied upon and we find no prejudicial error.

The judgment is affirmed.

All the Judges concur.

---

1. "[I]t is no longer open to argument in Missouri that, even though the photographic or line-up identifications are tainted or in some way suggestive, where there is an untainted, positive in-court identification made upon a factual basis independent from such photographic or line-up procedures, such in-court identification is proper. [Citations omitted.]" *State v. Ealey*, supra, 515 S.W.2d at 780.