**STATE of Missouri, Respondent,**

v.

**Wyman DENTMAN, Appellant.**

**No. 44395.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1982.

Joseph W. Downey, Public Defender, Pete Stragand, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction of first degree burglary, § 569.160, RSMo. 1978. The trial court sentenced defendant as a persistent offender, § 558.016, RSMo. 1978, to fifteen years imprisonment. We affirm.

Thomas Wayne and Etta Regans were suddenly awakened at five o'clock on the morning of September 22, 1980, by an intruder turning Wayne over and going through his pants pockets. Wayne and Regans immediately recognized the intruder as the defendant for the three had been acquainted for over thirty years. After the defendant fled, Regans discovered her credit cards and forty dollars in cash missing from her wallet. Wayne was missing his car keys and the watch he was wearing on his wrist.

The police arrested the defendant for the burglary approximately seven hours later and questioned him at the police station. There he made a statement to the police that the door to the victim's apartment was open, that he entered the apartment because he was concerned someone was being robbed, but that he took nothing.

Etta Regans, the prosecution's witness at trial, was asked on cross-examination about the defendant's response upon being confronted by Thomas Wayne at the time of the incident. Over the prosecutor's objection concerning lack of a proper foundation and the leading form of the question, Regans testified defendant then said:

> He (defendant) saw the door open, he saw some guys coming out of there and he was trying to help him (Wayne).
>
> "Man, I didn't break in. I didn't try to take nothing from you."
>
> He said, "I saw some people running out and I was trying to keep them from stealing. I didn't take anything from you."

After the prosecution rested, the defense called the interrogating police officer and sought to elicit from him the statements made by the defendant at the police station. The trial court sustained the prosecutor's hearsay objection.

Defendant claims the trial court committed reversible error in excluding as hearsay the testimony of the interrogating police officers, when called as a defense witness. The defendant asserts the testimony falls within the exception to the hearsay rule for "admissions against interest" insofar as it places the defendant at the scene of the crime with an opportunity to commit the offense.

The hearsay rule excludes out of court assertions from being introduced to prove the truth of matters asserted therein. *State v. Harris,* 571 S.W.2d 443 (Mo.App. 1978); McCormick on Evidence, § 246 (2d ed. 1972). Nevertheless, "(t)he statements made out of court by a party-opponent are universally deemed admissible, *when offered against him.*" 4 Wigmore, Evidence § 1048 (Chadbourne rev. 1972) (emphasis added.)

The judicial value of an admission is derived from the fact that it is being introduced *against* the party opponent, affording him an opportunity to explain or rebut the prior assertion's inconsistency with the claims he makes at trial. *Howell v. Dowell,* 419 S.W.2d 257, 260 (Mo.App.1967); McCormick on Evidence, § 262, Wigmore, *supra.* The adversarial system insures the reliability of the out of court assertion.

When the defendant in this case sought to introduce his out of court assertions on his own behalf, no adversarial relationship existed to test the assertion's reliability. The testimony was not objectionable because it was self-serving but rather because it failed to meet the requirement that admissions be offered as evidence against the party-opponent. Insofar as the requirements for the admission exception were not met, the ruling of the trial court excluding the testimony of the police officer as hearsay was correct.

For the reasons stated herein, the judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.