**STATE of Missouri, Respondent,**

v.

**James Maurice NEELY, Appellant.**

**No. 44310.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Kenneth R. Singer, J. Justin Meehan, St. Louis, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George A. Peach, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree robbery, § 569.020, RSMo. 1978. His sentence was fifteen years imprisonment. We affirm.

Defendant claims the trial court committed reversible error in refusing to suppress identification testimony. By agreement of

counsel, the trial court's ruling on defendant's motion to suppress was based upon the evidence adduced at trial.

In the early morning hours of June 23, 1980, two armed men, one later identified as the defendant, robbed the Flamingo Cafe in the City of St. Louis. Present at the restaurant when the gunmen entered were Eugene Howard, the assistant manager, Adrienne Rufus, a cashier, and three friends of Mr. Howard. The intruders held guns to the heads of two of the occupants and demanded cash. Howard complied by offering the days receipts, approximately $2,500.00. After giving the money to the robbers, he was struck on the back of the head by defendant's accomplice. The victims were then locked in a bathroom.

Despite the sheer stocking masks worn by the robbers, Howard was able to describe the defendant to police as a black male, 20 to 23 years old, 5'7" to 5'8", medium build, wearing a blue jean jacket, dark shirt and blue jeans, having a dark complexion and having a scar over his left eye. Rufus described the defendant as a black male, 5'5" to 5'8", having a lighter complexion than the other robber and having a scar under his right eye.

In August of 1980, Howard and Rufus, independently of each other, sighted the defendant riding a local bus. Each notified the investigating officer and provided a more detailed description of the defendant to include acne.

On September 5, 1980, the investigating officer, Detective Dodson, called Howard and Rufus to attend a lineup, stating that he "wanted them to come down and look at a lineup, that the suspect fit the description of the person who committed the robbery." Howard and Rufus independently identified the defendant from the three-man lineup. Apparently, defendant was the only lineup participant with acne and acne scars.

Defendant attacks the lineup procedures as being unduly suggestive due to Detective Dodson's comments and the number and appearance of the lineup participants. Defendant further claims the witnesses lacked an independent factual basis for their in-court identification.

Reliability rather than suggestiveness determines the admissibility of testimony concerning out-of-court identifications. *State v. Carter*, 572 S.W.2d 430, 435 (Mo.banc 1978). Even if identification procedures are suggestive, the testimony is admissible if the out-of-court identification is reliable and the lineup procedures do not create a substantial likelihood of misidentification. *State v. Montgomery*, 588 S.W.2d 80, 82 (Mo.App.1979).

The witnesses viewed defendant at close range during the 15 to 20 minute robbery. The restaurant was adequately lit and the gunmen's threats produced a high level of attentiveness in the witnesses. The initial descriptions of the defendant accurately included his distinctive facial scarring. More importantly, the witnesses unequivocally identified the defendant on a local bus prior to the lineup and remained certain of their identification at the lineup. The circumstances indicate the witnesses' identification was reliable.

Concerning the alleged suggestiveness of the lineup procedure, the statements of Detective Dodson were neither inaccurate nor unduly suggestive. Similar statements have repeatedly withstood attack. *State v. Armbruster*, 541 S.W.2d 357, 361 (Mo.App. 1976) and cases collected therein. The number of lineup participants was not inadequate, *State v. Montgomery*, 596 S.W.2d 735, 737 (Mo.App.1980), and defendant's bad facial complexion did not render the lineup unnecessarily suggestive. *State v. Hall*, 541 S.W.2d 327, 328 (Mo.App.1976). The reliability of the witnesses' identification testimony outweighs any suggestiveness associated with the lineup; there was no substantial likelihood of misidentification. Therefore, the trial court did not err in refusing to suppress the pre-trial identification.

Furthermore, under the totality of the circumstances, the trial court did not err in admitting in-court identification of the defendant because the witnesses possessed an adequate basis for their identification independent of the lineup. *State v. Higgins*,

592 S.W.2d 151, 160 (Mo.banc 1979). The witnesses' reliability has been shown.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.