STATE of Missouri, Respondent,

v.

Vernon Eugene WALLS, Appellant.

No. 44329.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Joseph P. Downey, Peter Stragand, St. Louis, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George Peach, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree robbery, § 569.020 RSMo 1978. The trial court found defendant a persistent offender, § 558.016 RSMo 1978, and sentenced him to fifteen years imprisonment. We affirm.

On August 30, 1980, a man wearing blue pants, a white T-shirt, and a baseball cap leaped over the counter of a dry cleaning business, displayed a revolver, and demanded cash. After he emptied the cash register, the robber threatened the attendant's life unless more money was produced. She directed the robber to her purse in the back room which contained approximately $365.00. The robber forced the victim to partially disrobe before he fled.

Shortly after the robbery, about two blocks from the dry cleaners, a man saw two other men running. They dropped something near a clump of trees and then ran to a vacant building. The witness became suspicious and called the police. The officers responding to the victim's robbery report were alerted to the witness's call. When police searched the vacant building, they found a bag containing blue pants, a white T-shirt, and a baseball cap. The victim identified the clothing as that worn by the robber.

The pants pocket contained a school identification badge. The victim thought the picture was of the robber. On September 6, 1980, a lineup was conducted in which the person whose badge was found participated. The robbery victim was positive the participant had not committed the offense because he was much taller than the perpetrator. Police then showed the victim a series of photographs, one of which she positively identified as the robber. It was defendant's picture.

Police arrested defendant on September 22, 1980 and advised him of his right to remain silent and right to counsel. When police informed defendant of the date and time of the robbery of which he was suspected, defendant stated he was in Chicago at that time staying at the Ohio East Hotel. Later in the day the victim positively identified defendant in a lineup.

At trial, over defendant's objection, the state elicited from a police officer defendant's statements concerning his Chicago visit. Next, the state, again over defendant's objection, had the manager from the Ohio East Hotel in Chicago testify defendant and a friend stayed in the hotel from July 30 to August 2 only. Defendant claims error in admitting his alibi statement and then allowing impeachment by the hotel manager's testimony.

"Statements made out of court by a party-opponent are universally deemed admissible, *when offered against him.*" *State v. Dentman,* 634 S.W.2d 540 (Mo. App.—E.D. 1982), *quoting* 4 Wigmore, Evidence § 1048 (Chadbourne rev. 1972) (emphasis added). Admissions, unlike declarations against interest, need not be against the declarant's interest when made. *See* McCormick on Evidence, § 276 (2d ed. 1972). Insofar as the state introduced defendant's statements *against* him, the out

of court statements fell within the hearsay rule exception for admissions. *State v. Dentman, supra.* Since defendant's admission attempted to explain circumstances connected with his involvement, or lack thereof, in the robbery, the statements may properly be proven against him and their falsity then shown. *State v. Bridges,* 349 S.W.2d 214, 216 (Mo. 1961).

Defendant next complains the trial court erred in granting the state's request ordering defendant to wear, before the jury, the seized clothing. The demonstration lasted less than one minute. Defendant was ordered to put on the blue pants, white T-shirt, and baseball cap outside the jury's presence, enter the courtroom, walk within six to ten feet of the jury box, turn, and exit. No comments were made during the demonstration and defendant changed back to his casual attire and trial was resumed. Defendant claims the demonstration violated his right against self-incrimination.

The privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature...." *Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908, 914 (1966). *See also State v. Jackson,* 444 S.W.2d 389 (Mo. 1969), *cert. denied,* 397 U.S. 1014, 90 S.Ct. 1247, 25 L.Ed.2d 428. "The prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." *Holt v. United States,* 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1030 (1910). In *Holt,* a question arose concerning whether a shirt belonged to the defendant. A witness testified defendant put it on and it fit. Defendant's objections of duress, based on the Fifth Amendment, were denied.

■ We have held a defendant does not waive the Fifth Amendment privilege in being compelled to try on an item of clothing found at the scene of the crime, *State v. Norris,* 577 S.W.2d 941, 948 (Mo.

App. 1979), and may be compelled in the courtroom to display a limp, *State v. Proctor,* 535 S.W.2d 141 (Mo. App. 1976). *See also* cases collected in *State v. Norris, supra,* 577 S.W.2d at 947. Due to similar facial appearances between defendant and the person whose badge was found in the clothing worn by the robber, an issue of the perpetrator's identification was injected into the case. The victim testified the person whose badge was discovered was not the robber because he was much too tall. Testimony revealed that person to be 5′11″. The victim's initial description of the robber, and necessarily a part of her identification of defendant, indicated his height was only 5′5″. In forcing defendant to demonstrate the clothing worn by the robber, the state sought to prove the clothing did not belong to the person six inches taller and the clothing did in fact fit defendant. We conclude the evidence was demonstrative rather than testimonial; demonstrating defendant's body will not be excluded on the basis of Fifth Amendment privilege when it is material to the case. *Holt v. United States, supra.*

■ Defendant contends that even if the demonstration was not violative of Fifth Amendment principles, it should have been excluded as inflammatory and prejudicial. The trial court, in balancing probative value with prejudicial effect of demonstrative evidence, is vested with broad discretion in admitting or rejecting such evidence. *State v. Holmes,* 609 S.W.2d 132, 135–36 (Mo. App. 1980). We cannot say the trial court abused its discretion in allowing the brief demonstration.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.